39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Francis MCCONVEY, Defendant-Appellant.
 No. 94-5289.
 United States Court of Appeals, Fourth Circuit.
 Submitted September 26, 1994.
Decided October 26, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Senior District Judge. (CR-93-200)
 Harold J. Bender, Law Offices of Harold J. Bender, Charlotte, NC, for appellant.
 Mark T. Calloway, U.S. Atty., Brian L. Whisler, Asst. U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before ERVIN, Chief Judge, and WILKINSON and HAMILTON, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 John Francis McConvey appeals the eighteen-month sentence he received following his guilty plea to one count of bank fraud, 18 U.S.C.A. Sec. 1344 (West Supp.1994). He contends that the district court erred in failing to consider a downward departure on the ground that his illegal conduct was a single act of aberrant behavior. He also argues that the district court did not understand its authority to depart on the ground of extraordinary restitution. We affirm in part and dismiss in part.
 
 
 2
 Defense counsel argued at sentencing for a departure based on aberrant behavior. The district court did not specifically address this argument in pronouncing sentence; however, the court clearly rejected it by choosing not to depart. The court's decision not to depart below the sentencing guideline range is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 3
 McConvey also requested a departure based on his efforts to make restitution. The court specifically stated when it imposed sentence that it had the authority to depart on the basis of any unusual circumstance such as extraordinary restitution, but that a departure for that reason was not warranted in this case. We find that the court understood its authority to depart for unusual mitigating circumstances, and simply decided against a departure.
 
 
 4
 We therefore affirm the sentence imposed by the district court. We dismiss that portion of the appeal which contests the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART; DISMISSED IN PART